State, to use of Heed, v. King et al.

STATE, TO THE USE OF THOMAS D. HEED, Respondent, *v.* HENRY C. KING *et al.*, Appellants.

1. *Sale — Delivery — Reasonable time, how determined.* — What would be a "reasonable time," under the statute (Gen. Stat. 1865, p. 440, § 10), for delivery of goods after sale must be determined by the circumstances of each case. And instructions may properly call the attention of the jury to the evidence, and, upon a proper hypothesis, may direct what the verdict shall be.

2. *Practice, Civil — Trial — Instructions should not reiterate each other.* — If an instruction is simply a reiteration of other instructions given, and embraces no new proposition applicable to the case, it need not be given. Courts should simplify their directions to the jury, and ought not to embarrass them by elaborations of the same point in different ways.

3. *Practice — Evidence, objections to — Reasons for must be assigned at the time.* — Objections to admission of testimony will not be noticed on appeal unless the reason therefor be given.

4. *Attachment bond, suit on — Delivery of goods — Declaration of vendor proper.* — In a suit on the bond of an attaching plaintiff, by the claimant of certain household furniture, which had been levied on, declarations of the vendor at the time of the sale, concerning his intention of leaving the house, are competent as bearing on the question of fraud and that of delivery.

5. *Attachment bond, action on — Pleadings — Verdict — Judgment — Exceptions to, when must be taken.* — In an action on an attachment bond, under sections 2 and 4 of act of March 3, 1855 (Sess. Acts 1855, p. 464), plaintiff's petition was drawn on the supposition that the party to whose use the bond was given, and not the State of Missouri, was plaintiff, and verdict and judgment were rendered for him accordingly. No exceptions were taken to the pleadings, verdict, or judgment, either in the lower courts or by assignment of errors. *Held,* that the defects were wholly formal, and noticed too late in this court. In such case, the judgment below is as complete a bar as though entirely formal.

### *Appeal from St. Louis Circuit Court.*

*Dryden, Lindley & Dryden,* for appellants, relied on Gen. Stat. 1865, p. 44, § 10 ; Claflin *et al.* v. Rounburg, 42 Mo. 439 ; Hamilton v. Russell, 1 Cr. 309 ; Gen. Stat. 1865, ch. 150, § 15, and ch. 161, § 3 ; Sess. Acts 1855, p. 464.

*Coonley & Madill,* for respondent.

BLISS, Judge, delivered the opinion o tne court.

This suit was brought upon a bond given by the defendants, as attaching creditors of one Pierce, upon property claimed by T. D. Heed under the provisions of "an act concerning the duties of sheriff and marshal, in the county of St. Louis, in relation to the levy and sale of such property under execution or attachment as may be claimed by third persons," approved March 3, 1855 (Sess. Acts 1855, p. 464). Pierce was about to remove to the State of Louisiana, and on the 8th day of April, 1868, sold his household furniture to Heed for $2,000, he agreeing to pay $1,000 down, and give his note for the balance. He paid Pierce $100 down, and took the bill of the furniture, and the next morning paid $900, and gave his note. It was a part of the agreement that the furniture should remain in the house until it could be sold, as Heed bought it on speculation. On the afternoon of the 9th, the property was attached and the bond given.

Judgment was obtained in the Circuit Court for the value of the property, and the judgment was affirmed at general term.

The principal questions involved in the appeal arise from the instructions to the jury given and refused. The following were given by the court, on its own motion, and excepted to by the defendants : " The jury are instructed that if the said Pierce did sell the property in question with intent to hinder, delay, or defraud his creditors, said Heed could not be prejudiced thereby unless he had, at or previous to the sale, knowledge of such intent or such information as to put a man of ordinary prudence upon inquiry in regard to it." "If the jury believe from the evidence that the said Thomas D. Heed purchased the property in question, but that he did not within a reasonable time take possession thereof, regard being had to the situation of the property, then the jury will find for the defendant." "If the jury believe from the evidence that said Thomas D. Heed purchased the property in question in good faith, for a valuable consideration, with a view to take possession thereof as soon as practicable, regard being had to the situation of the property, but, before he had had an opportunity to take possession thereof, the same was levied on and taken away, then the jury will find for the plaintiff, and assess the damages at the value of the property—not, however, to exceed the sum of four thousand dollars, together with interest from May 14, 1868, at the rate of six per cent. per annum."

From an examination of the evidence, as spread out in the bill of exceptions, I am satisfied that these instructions contain a correct statement of the law as applied to it. Special objection is taken to the phrase " with a view to take possession thereof as soon as practicable, regard being had to the situation of the property, but, before he had an opportunity," etc., as not being founded upon evidence, and containing a suggestion to the jury calculated to mislead. It was clearly established and uncontradicted that the purchaser of the furniture was to have the use of the house for ten days, for the purpose of selling it at auction or otherwise ; that the seller was expecting to leave in a day or two, giving him sole possession of the house and furniture ; and that

the very day the bargain was consummated, by the payment of the $1,000, the goods were attached. This testimony fully warranted the instruction complained of. There is nothing technical or unnatural in the provision of the statute requiring sales of personal property to be "accompanied by delivery in a reasonable time, regard being had to the situation of the property." Like all other legal requirements, it is to be interpreted by the rules of common sense. What would be a reasonable time under some circumstances would not be under others. Regard must necessarily be "had to the situation of the property," whether required in the statute or not. If one purchased a stack of hay in a field, he could not be required to remove it at once. It must be delivered to him; but if left in the field for a short time, it would not furnish such a presumption of non-delivery as if the vendor were permitted to retain possession of a horse or a watch. So, if a tenant was about to leave a dwelling which was rented to another, who was to take possession on his leaving, it would be natural for the incoming tenant, if he desired to purchase articles peculiarly fitted for the house, to do so before it was vacated, and stipulate that they were to be left by the outgoing tenant. In deciding what would be a "reasonable time" for delivery, regard would necessarily be had to the "situation of the property." The instruction complained of calls the attention of the jury to the evidence to which they had just listened, and, upon a proper hypothesis, directs what the verdict should be.

The defendants asked the court to give several instructions, elaborately constructed upon their view of the evidence; the first of which was given, and the rest refused. The one given it is not necessary to consider. We have examined the rest, and find them either defective or simply embracing the law as already declared. If an instruction is simply a reiteration, and embraces no new proposition applicable to the case, the party has no right to demand it. The court should simplify its directions to the jury, and ought not to embarrass them by elaborations of the same point in different ways.

Most of these instructions make the statutory requirement of delivery more stringent than the statute itself. The revision of

1865 materially modifies the old law, but a "reasonable time" for delivery is still left, "regard being had to the situation of the property." We have no right to add to the severity of its requirement. The instructions are long, and it is unnecessary to recite them that our views may be understood. Their errors are subtle, and consist in omissions rather than statements. To have instructed the jury in the various forms requested in relation to the necessity of immediate delivery, the effect of leaving the goods in possession of Mr. Pierce and family for an indefinite time, without also calling their attention to the circumstances under which they were left—to the necessity of "having regard to the situation of the property"—would have been erroneous; for what would be a "reasonable time" in one case might be altogether unreasonable in another.

In describing the purchase and circumstances attending it, the plaintiff, in testifying, stated that "Mr. Pierce told me that he expected to leave daily, and was very anxious to get away;" to the admission of which testimony the defendants excepted, without stating the grounds of their objection. Though we ought not to take notice of such objections unless their reason be given (Rosenheim v. Am. Ins. Co., 33 Mo. 230), yet it may have been sufficiently obvious in this case. This statement of Mr. Pierce to the purchaser was so clearly a part of the transaction — so material, as bearing upon its good faith on the part of the plaintiff, as explaining not only the occasion of the purchase, but also as bearing upon the question of reasonable time — that it would doubtless have been received, had the objection been ever so formal. The testimony bears upon both the question of actual fraud and the question of delivery. Did Heed buy the property for the use of the vendor, to enable him to hold it as against his creditors? If so, it was fraudulent, without regard to the time of delivery, though the time of delivery would bear upon the question of fraud. Did the vendor agree to leave the house forthwith, as soon as he could get away? for that is the natural import of "expecting to leave daily." If such was the agreement, and the purchaser should wait a day for him to leave before removing the goods, reasonable time would not have elapsed.

And the declarations of Pierce in regard to the matter, made at the time of the purchase, are not only competent, but almost the only evidence the nature of the question admits of. Objections in argument are made to the frame of the petition and the form of the judgment. The suit is instituted upon a bond payable to the State of Missouri, as provided in section 2 of the act first referred to. By section 4 of the same act the claimant is authorized to bring a civil action upon the bond, "in the name of the State, to his own use," or he may proceed by motion. In instituting this suit he has entitled his petition as follows: "The State of Missouri, to the use of Thomas D. Heed, plaintiff, v. Henry C. King," etc.; and in commencing his statement says: "The plaintiff says that on and previous to the 9th day of April, 1868, he was the owner," etc.; and the whole body of the petition is drawn upon the supposition that Heed, instead of the obligor of the bond, is the plaintiff in the action. The petition states the plaintiff's ownership of the property; its seizure upon attachment against Pierce; that "the same plaintiff made his claim for the same, stating," etc.; the execution of the bond, with a penalty of $5,000, and its delivery to the officer; and sets out its conditions in detail. It afterward avers that the property was sold to the damage of the plaintiff of $4,000, and charges that the defendants have not paid him the damage so suffered, and asks judgment for $4,000. The defendants seem not to notice this unusual way of declaring on a bond, but answer the allegations of the petition in detail, admitting or denying them all. Heed replies in the same style. The jury find for the plaintiff, and assess his damages at the sum of $2,075, for which the court rendered judgment. A motion for a new trial is overruled at special term, and a motion in arrest at general term; but in neither is special objection made to these informalities of the pleadings, verdict, and judgment, nor are they noticed in the assignment of errors.

The defects are wholly matters of form, and are noticed too late. No one is injured by them. Heed is the only person who has any interest in the bond; and the irregular recognition of him as the plaintiff in the proceedings, the verdict for the plaintiff and the judgment for his damages, instead of a judgment for

the penalty, in favor of the State, to his use, with execution for damages and costs, give the party in interest no more than his due, and take from the defendants no more than they were obligated to pay. This judgment is also as complete a bar to any further proceeding as though entirely formal. Upon the principles recognized by this and all other appellate courts, we must decline to interfere at this late day. (See Tidd's Practice, 919, note *a*, and cases cited.)

The judgment is affirmed. The other judges concur.