## Case No. 231.

### ALLEN v. MASSEY.

[2 Abb. U. S. 60; 1 Dill. 40;[1] 4 N. B. R. 248, (Quarto 75;) 2 Chi. Leg. News, 309; 3 Amer. Law T. Bankr. 188; 1 Amer. Law T. Bankr. 218.]

Circuit Court, D. Missouri. April Term, 1870.[2]

FRAUDULENT CONVEYANCES—RIGHTS OF ASSIGNEE IN BANKRUPTCY.

1. Where household furniture in a dwelling inhabited by the owner and another person, was transferred by the owner to such other person, by bill of sale, and pointing out the property, but without any other circumstances to indicate an actual change of possession, and the parties continued to dwell together and to use the furniture, as before,—Held, the transfer was void against creditors, and under the statute of the state (Missouri) against fraudulent conveyances, as it had been construed by the supreme court of the state.

[See note at end of case.]

2. For the purpose of sustaining an action to set aside a transfer of property by a bankrupt as fraudulent against creditors, an assignee in bankruptcy is deemed to represent the creditors; and may impeach the transfer, notwithstanding it may be held valid and binding against the bankrupt himself.

[Cited in Bean v. Brookmire, Case No. 1,170; Martin v. Smith, Id. 9,164; In re Duncan, Id. 4,131; In re Werner, Id. 17,416.]

[See Cookingham v. Ferguson, Case No. 3,182; Cookingham v. Morgan, Id. 3,183; Cady v. Whaling, Id. 2,285.]

[See note at end of case.]

In bankruptcy. This is an appeal from the district court of the United States for the eastern district of Missouri. The plaintiff, as the assignee in bankruptcy of William Downing, filed his petition in February, 1870, in the said district court, against the defendants, representing that in October, 1868, the said bankrupt executed a bill-of sale to Eliza A. Massey of certain household furniture in the possession of the bankrupt; that the property was never actually delivered to her, but the same has ever since been in the residence and possession of the bankrupt; that by reason thereof the bill of sale is void by force of the statute of Missouri relating to fraudulent conveyances, and the prayer is that an order may be entered declaring the sale to be fraudulent and void, and the property delivered by the defendants to the assignee.

The answer admits the execution of the bill of sale as alleged; denies that the property was never delivered to the said Eliza A., and alleges that the same was purchased by her in good faith of the said Downing, and that the same has ever since been and now is in her actual possession. The evi-

---

[1] [Reported by Benjamin Vaughan Abbott, Esq., and Hon. John F. Dillon, Circuit Judge, and here compiled and reprinted by permission. Syllabus and briefs reprinted from 2 Abb. U. S. 60, and statement from 1 Dill. 40.]

[2] [Affirmed by supreme court. Allen v. Massey, 17 Wall. (84 U. S.) 351. Affirming an unreported decree of the district court.]

dence adduced in the court below consisted of the bill of sale and the deposition of Downing. The bill of sale, acknowledged but never recorded, is dated October 31, 1868, and by it Downing, for the recited consideration of $3,645 sells and conveys to Eliza A. Massey "the following furniture and other personal property now owned by me and being in my residence, situated on the north side of Washington avenue, being No. 1,347, in the city of St. Louis"—here follows a detailed description of the furniture in library, parlor, and bed-rooms, consisting of chairs, sofas, books, carpets, pictures, mirrors, etc.

The deposition of Downing, the bankrupt, disclosed the following facts:—That he had lived in house No. 1,347, on Washington avenue, above mentioned, for five years or more, and still lived there; that the house belonged to him; that Mrs. Massey was his sister-in-law, and that she and her husband, John Massey, had lived with him and his family for over fifteen years, the two making from time to time an amicable adjustment of expenses. Downing's name was on the door-plate of the house, and the house and establishment were known as his. The furniture and property in question were his prior to the alleged sale to Mrs. Massey. Downing was engaged largely in business, but in October, 1868, his partner allowed a note of the firm to go to protest, and fearing the consequences and desiring to secure his sister-in-law $3,645 which he owed her, he made to her the bill of sale above mentioned, she being at the time in the house and living with him in the manner before stated. An inventory seems to have been taken of the property; no separate valuation was, however, affixed to the different articles, but the whole was sold for the sum named. It is shown that the chief purpose of the inventory or list of the articles was to enable the property to be described in the bill of sale, which it was in contemplation to have drawn. No act of delivery is testified to, except that the bankrupt says he took Mrs. Massey around and showed the property to her. It is admitted that the parties continued to live together as before in the house; that no change was made; that the property continued to be used as it previously had been; and that Downing's name still continued on the door-plate, etc. On the hearing before Treat, [District Judge,] the district court found that the bill of sale was void, and ordered the defendants to deliver the property therein described to the assignee.

From this order or decree the defendants appeal.

Daniel Dillon, for appellants, cited:

Steward v. Lombe, 1 Brod. & B. 506; Benton v. Thornhill, 7 Taunt. 149; Ludlow v. Hurd, 19 Johns. 220; [Archer v. Hubbell,] 4 Wend. 514; Waldie v. Doll, 29 Cal. 556; Hamill v. Willett, 6 Bosw. 534; Funk v. Staats, 24 Ill. 646; Kenningham v. McLaughlin, 3 T. B. Mon. 30; [Forsythe v. Kreakbaum,] 7 T. B. Mon. 99; Born v. Shaw, 29 Pa. St. 292; Hutchins v. Gilchrist, 23 Vt. 82; McVicker v. May, 3 Pa. St. 224; Clayton v. Brown, 17 Ga. 217; Bissell v. Hopkins, 3 Cow. 166, and note, where the authorities are collected and reviewed, and the general rule with its twenty-four exceptions laid down; State v. King, 44 Mo. 239. He also contended that as an assignee in bankruptcy stands in the place of the bankrupt, he cannot maintain an action to set aside a sale which would be binding upon the bankrupt.

Hitchcock & Lubke, for appellee.

I. The assignee had a right to the relief sought in his petition. Hill. Bankr. pp. 134, 135, § 43.

II. The bill of sale was fraudulent and void in law under the statute of Missouri. Gen. St. Mo. 1865, § 10, c. 107, p. 440; Claflin v. Rosenberg, 42 Mo. 439, 43 Mo. 593; State v. King, 44 Mo. 238.

Before DILLON, Circuit Judge, and KREKEL, District Judge.

DILLON, Circuit Judge, delivered the opinion of the court.—I. Neither in his petition nor in argument does the assignee base his right to the relief demanded upon the ground that the bankrupt did not in fact owe Mrs. Massey the debt which the bill of sale was made to pay or secure, nor upon the ground that the sale was fraudulent, because made to hinder and delay the creditors of Downing, the vendor. The assignee places his case solely upon the statute of the state of Missouri relating to fraudulent conveyances, the tenth section of which is in these words: "Every sale made by a vendor of goods and chattels in his possession or under his control, unless the same be accompanied by delivery in a reasonable time (regard being had to the situation of the property), and be followed by an actual and continued change of possession of the things sold, shall be held to be fraudulent and void, as against the creditors of the vendor, or subsequent purchasers in good faith." St. Mo. 1865, p. 440, c. 107.

The sale by the bankrupt to Mrs. Massey is within the statute. It was an absolute sale of goods in the possession of the vendor. There was no delivery of the property, or, if any, but a momentary one, and it was not followed by any actual or continued change of possession. This being so, the statute enacts that the sale "shall be held to be fraudulent and void as against the creditors of the vendor, or subsequent purchasers in good faith." With the policy of a statute which, irrespective of the fact of fraud or the intention of the parties to defraud, inexorably denounces as fraudulent per se all

sales not accompanied by the required delivery and by actual and continued change of possession, the courts have nothing to do, and it does not become them to question the legislative wisdom.

The purpose of the statute is to prevent the vendor from acquiring a false and delusive credit, and to prevent purchasers from being ensnared by means of secret sales. Hence, the provision that the sale shall, as required, be accompanied with delivery, and this by an actual and continued change of possession. The purpose of the enactment being to protect the public from deception, the. indicia of a change of owners should be such as to accomplish this end. The new owner should fly his own, and not his vendor's flag. This is the construction which the statute has received from the supreme court of the state. In Claflin v. Rosenberg, 42 Mo. 439, speaking of this statute, Wagner, J., remarks that "the vendee must take actual possession, and the possession must be open, notorious, and unequivocal, such as to apprise the community, or those who are accustomed to deal with the party, that the goods have changed hands. . . . This necessarily excludes the idea of a joint or concurrent possession." On a critical examination of the case just cited, it will be seen that the exact point of the decision is that the possession of the vendee must, as against the vendor, be actual and exclusive. This is the. leading case upon the statute in question, and it has been subsequently reaffirmed and followed. Claflin v. Rosenburg, 43 Mo. 593; State v. King, 44 Mo. 238; Lesem v. Herriford, Id. 323. See Twyne's Case, and American Notes, 1 Smith, Lead. Cas. 33.

We deem it prudent to observe that in the case at bar, it is not necessary to go so far as to say that in no case can a sale be upheld where the vendor is in possession concurrently with, or rather subordinate to, the vendee or his agent. This may depend upon the existence of circumstances of a nature fairly to put the public upon notice. In this case there was no actual delivery, no continued change of possession, no circumstances of any kind, whereby either creditors or purchasers could know that any change of owners had taken place.

II. The defendants make a point that the situation of the parties to the sale and property was such that no delivery and change of possession other than such as were made was practicable, and hence more ought not to be required. The statute refers to "the situation of the property," not of the parties; but, without emphasizing this suggestion, it seems to us that the statute has reference to property so situated as not to be at the time capable of immediate actual delivery and change of possession, such as growing crops, bulky articles, &c., and not to cases where the property is present and capable of being delivered to the vendee and retained in his possession and control. Since, in a case like the present, this court will follow the construction given to the local statute by the highest court of the state, it is not deemed to be necessary to follow the appellant's counsel into an examination of the decisions under the statute of Elizabeth or the statutes of other states.

III. The defendants also contend that even if such be the construction of the statute, the assignee has no right to impeach the sale and have the property delivered to him. This view cannot be maintained. If Downing had not gone into bankruptcy, any creditor of his could have subjected the property to the payment of his debt. In this respect the assignee represents the creditors. In consequence of Downing being adjudicated a bankrupt, his creditors are precluded from proceeding against him, and hence the assignee has the right given to him in terms by the bankrupt act, to proceed in the way which the present plaintiff is pursuing. Carr. v. Hilton, [Case No. 2,436;] Hill. Bankr. 134, § 43; and cases cited; Bankrupt Act 1867, §§ 14, 35. The result is that the order of the district court must be affirmed.

KREKEL, District Judge, concurred.

[NOTE. On appeal to the supreme court the above decree of the circuit court was affirmed. Mr. Justice Field, in delivering the opinion of the court, said: "The sale of Downing to Mrs. Massey was, within the terms of the statute, fraudulent and void as against his creditors. It was not accompanied by any delivery of the property, and was not followed by any change of possession. * * * There was no outward sign manifested, nor indicia exhibited, nor notice given, which could apprise the community of any change of ownership. * * * The assignee of Downing's estate was authorized by the express terms of the fourteenth section of the bankrupt act (14 Stat. 439) to pursue the property thus attempted to be transferred, and, as auxiliary to its recovery, to ask that the sale of the bankrupt be annulled." Allen v. Massey, 17 Wall. (84 U. S.) 351.]