NANNIE C. GARDNER, Respondent, v. METRO-
POLITAN STREET RY. CO., Appellant.

Kansas City Court of Appeals, November 25, 1912.

1. **NEGLIGENCE: Alighting from Street Car.** Plaintiff was riding on an eastbound street car on Nineteenth street, and after the car crossed Brooklyn Avenue, she signaled for it to stop at Park Avenue, but it proceeded without slackening speed, and as it started past Park Avenue, she again signaled for it to stop, arose from her seat and started to walk to the rear platform in order to alight when it did stop. The motorman met her on the way, and she told him that she wanted to get off. He said "All right." She continued on her way and the car stopped midway between Park and Olive streets, and as she was in the act of preparing to step down, the conductor rang the bell, the car started ahead with a jerk and she was thrown to pavement and severely injured. *Held*, plaintiff rightfully recovered for internal injuries caused by the defendant's negligence.

2. ————: **Stopping of Cars on Signal: Middle of Block.** If a car stops at a passenger's signal and request, the passenger is justified in acting upon the supposition that she is at liberty to alight when the car did stop, notwithstanding it was in the middle of the block.

3. **INSTRUCTIONS: Misleading: Ambiguous.** An instruction is not ambiguous, confusing, and misleading, which calls the attention of the jury to what particular facts they must find in order to find for the plaintiff.

4. ————: **Holding Cars: Passenger Alighting.** An instruction is proper which states: "It is the duty of the Street Railway Company to hold the car stationary, if its employees know that a passenger is in the act of alighting therefrom, if they could have done so by the act of exercise of such a degree of care as would be exercised by careful and skillful men under the same circumstances."

5. ————: **Concurrent Negligent Acts.** An instruction in which it is stated, that if the jury believes from the evidence, that plaintiff and defendant's servants were guilty of concurrent negligent acts or conduct, which directly contributed to plaintiff's injury, the plaintiff cannot recover, is objectionable because it leaves the jury to determine what are the *concurrent negligent acts.*

6. **EVIDENCE: Reasonableness: For Jury.** Reasonableness of plaintiff's injuries, is not a question for argument, but it is a question to be determined solely by the jury on the credibility or reasonableness of plaintiff's evidence.

7. **NEW TRIAL: Cumulative Evidence.** The defendants' ground for a new trial was based on the fact that they had a new witness who would testify that the car did not stop at the alleged place. As defendant had introduced many witnesses at the trial who testified to the same facts, the discovery of such evidence is merely cumulative and does not justify the granting of a new trial.

Appeal from Jackson Circuit Court.—*Hon. Thos. J. Seehorn,* Judge.

AFFIRMED.

*John H. Lucas* for appellant.

(a)   Plaintiff's instruction No. 1 singles out and emphasizes particular portions of her own testimony. Stetzler v. Railroad, 210 Mo. 407; Landrum v. Rail-

road, 132 Mo. App. l. c., 721; Eckhard v. Railroad, 190
Mo. l. c., 619; State v. Henderson, 172 Mo. 654; Tibbe
v. Kamp, 154 Mo. 545.  (b)  It authorizes the jury to
find facts not supported by the evidence and assumes
facts not in issue by the pleadings of the evidence.
Lynn v. Bridge Co., 78 Mo. App. 111; Klein v. Rail-
road, 117 Mo. App. 691; Browning v. Railroad, 118 Mo.
App. 449, l. c., 458; Mathews v. Railroad, 26 Mo. App.
l. c., 89.  (c)  It is ambiguous, confusing and mislead-
ing.   Enc. P. & P., 11, pages 137, 138, 139, 140, 141;
Klamp v. Rodewall, 19 Mo. 450; Frank v. Railroad, 57
Mo. App. 181; Dunn v. Dunnaker 87 Mo. 597; Crole v.
Thomas, 17 Mo. 329.  Plaintiff's instruction No. 2 is
erroneous and illegal in that it bases an inference upon
a conclusion to be drawn from facts to be found.  Au-
thorities cited supra apply to this instruction.  Moore
v. Reinke, 95 Mo. App. 211; Trotter v. Railroad, 122
Mo. App. l. c., 415; Walton v. Railroad, 32 Mo. App
634; Bigelow v. Railroad, 48 Mo. App. 367; Glick v.
Railroad, 57 Mo. App. 97; Hudson v. Railroad, 101 Mo.
35.  This case must be reversed for misconduct of
counsel for plaintiff from the time of selecting the jury
in the case to and including final argument in the case,
and of comment of the court in its rulings.  Stetzler v.
Railroad, 210 Mo. 704; Neff v. Cameron, 213 Mo. l. c.,
369; Torreyson v. Railroad, 144 Mo. App. l. c., 637, and
cases cited; Massengale v. Rice, 94 Mo. App. l. c., 436;
Epstein v. Railroad, 197 Mo. l. c., 738; Chenoweth v.
Southerland, 141 Mo. App. l. c., 276-7; State v. Cole-
man, 186 Mo. l. c., 158; Hollenbeck v. Railroad, 144
Mo. l. c., 104-5.

*Oldham & James* for respondent.

BROADDUS, P. J.—This is an action instituted
by the plaintiff to recover damages growing out of in-
juries she received while alighting from an east bound
electric street car on 19th street in Kansas City, Mis-
souri, on August 31, 1909.

The plaintiff was a passenger and her statement of the occurrence is that her destination was the intersection of 19th street and Park avenue, next east of Brooklyn avenue; that after the car passed Brooklyn avenue, she signaled for it to stop, but that it did not stop but proceeded without slackening its speed; that as it was passing Park avenue, she again signaled for the car to stop and arose from her seat and started to walk to the rear platform in order to alight when it did stop; that the motorman met her on the way and she told him she wanted to get off and he said, "all right;" that she continued on her way to the rear platform, during which time the car came to a stop midway between Park avenue and Olive street, the street next east; that just as she was in the act of preparing to step down, the conductor rang the bell and the car started ahead with a jerk and threw her to the pavement of the street, inflicting upon her person severe injuries. As to the place of the stoppage of the car and the manner of her injury, the plaintiff is corroborated by another witness, a traveling salesman, who was on the car at the time. Her evidence tends to show that she sustained a fracture at the base of the skull; that her face was scratched, her left hand bruised; one of her teeth was knocked out; her left ear drum ruptured; her back and spine bruised and wrenched; that she received a severe shock to her nervous system and that the injury caused a retroversion of her womb; and that she suffered in various ways as the result of her injuries.

The defendant's evidence is also to the effect that plaintiff fell from the car about midway between the two streets, but it was to the effect that the car did not stop or slacken its speed and that plaintiff stepped off while it was in motion. The tendency of defendant's evidence was to greatly minimize the extent of plaintiff's injuries.

The petition charges that the accident occurred near the intersection of 19th and Olive streets. The answer of defendant was a general denial and a plea of contributory negligence. The jury returned a verdict for plaintiff for $2000. From the judgment, defendant appealed.

The alleged errors are, that the plaintiff was guilty of misconduct in selecting the jury to try the case, that is, in asking improper questions as to their competency; and that the court in passing upon the competency of certain of the jurors in the panel, used language calculated to create a prejudice in the minds of the jury against the defendant. 2d. That the court committed error in not sustaining defendant's demurrer to the case as made out under plaintiff's petition and evidence. 3d. That instructions Nos. 1, 2 and 4, given at the instance of plaintiff, were erroneous. 4th. That the verdict is excessive and against the weight of the evidence. 5th. That the court erred in not granting defendant a new trial on the ground of newly discovered evidence material to the issue. 6th. That the court erred in refusing to instruct the jury as requested in instruction No. 1.

The plaintiff sought to challenge the competency of three members of the panel of jurors for cause, viz.: Bird, Wilson and Munden. The ground for their alleged disqualification was that they were working for the Armour Packing Company. Bird disqualified himself by saying that he did not think he would make a good juror. Wilson and Munden were excused by the court on the ground that they were working for the Armour Packing Company. There was no exception to the language used by the court and no reference made to it in the motion for a new trial, therefore, it is not a matter to be considered. There was no evidence that the Armour Packing Company had any interest in the controversy, but the juror, Munden, stated

167 Mo. App.—39

substantially that if such was the case, the least little thing might change his opinion. The only allusion to the matter in defendant's motion for a new trial is as follows: ''Because the court erred in permitting counsel for plaintiff, over the objection of the defendant, in selecting the jury to ask generally and repeatedly if any members thereof (the jury) were employees of the Armour Packing Company, and if so, if such fact would embarrass them in returning a verdict in the case.'' It is not to the action of the court in wrongfully excusing the jurors named from service in the case that defendant complains, but merely to improper questions propounded to them. It seems that defendant was satisfied with the jury that was selected to try the case. It was, therefore, a matter of no consequence whether the questions propounded to the three jurors, who were excused, were or were not improper, as it is no where alleged that defendant was prejudiced thereby. It is, however, proper to say that the course pursued by the plaintiff's counsel was highly reprehensible and should not be tolerated.

We can see no good reason for the contention that the court should have sustained a demurrer to the plaintiff's case. It is true the petition alleges that the accident occurred near the intersection of 19th and Olive streets, whereas it occurred about midway between Olive street and Park avenue. The exact location of the occurrence was not necessary as it appears that defendant was sufficiently informed as to that matter. It produced at the trial its employees in charge of the car at the time and other persons who were present, all of whom knew that plaintiff had by some means been thrown from the car to the street and injured at a point midway between the two streets named. It is contended that there was no evidence going to show that the employees of defendant had any knowledge that plaintiff intended to get off in the middle of the block. But this is a misconception of the evidence.

Plaintiff, according to her testimony, notified the conductor that she wanted to get off, after signaling the car to stop, and that the car did stop, and that she was thrown down just as she was in the act of getting off. It is true she did not say she wanted to get off in the middle of the block, but if the car stopped upon her signal and at her request to the conductor that she wanted to get off, she was justified in acting upon the supposition that she was at liberty to alight when the car did stop, notwithstanding it was in the middle of the block.

The objection to instruction No. 1, given for plaintiff is that it singles out and emphasizes particular portions of her own testimony; and that it authorizes the jury to find facts not supported by the evidence, and assumes facts not in issue; and that it is ambiguous, confusing and misleading. It is not true that the instruction singles out and emphasizes particular portions of plaintiff's testimony, but it does call the attention of the jury as to what particular facts they must find in order to find for the plaintiff. This was proper. And there is not the slightest room for the contention that it assumes the existence of a single fact, but on the contrary, the jury are specifically charged that they must find the existence of such facts. And it is not true that the instruction is the least ambiguous, but it is clear and explicit and not in any manner the subject of misconstruction.

Instruction No. 2 relates to the duty of the defendant to hold the car stationary if its employees knew that plaintiff was in the act of alighting therefrom, if they could have done so by the exercise of such a degree of care as would be exercised by careful and skillful men under the same circumstances. The instruction was proper.

Instruction No. 4 is directed to plaintiff's measure of damages. We can discover no valid objection to it.

The defendant, among others, asked the following

instruction, which the court refused, viz.: "If the jury believe from the evidence that at the time and place in question both parties, the plaintiff and defendant's servants, were guilty of concurrent negligent acts or conduct, which directly contributed to plaintiff's injury, the plaintiff cannot recover and the jury must return a verdict for the defendant." The instruction is objectionable, in that, it leaves the jury to determine what were *concurrent negligent acts*. The jury could not know what was meant by the term concurrent negligence, unless they were lawyers. The court, however, instructed the jury fully upon the question and in such a manner that they could understand what constituted concurrent negligence.

If plaintiff sustained the injuries she complained of, temporary and permanent, the verdict of the jury was not excessive. Much of defendant's argument on the question is directed to the credibility or reasonableness of plaintiff's evidence, which was a matter solely for the jury. The evidence showed that plaintiff suffered a slight retroversion of the womb, and there was no evidence that any other of her internal organs were affected. The instruction submits to the jury the question whether there was an injury "to her internal organs." It is insisted that it was "a roving commission to the jury to assess damages to each and every internal organ possessed by plaintiff." But as there was nothing to show that all or other of plaintiff's internal organs, except the womb, were injured, and we are at a loss to see how the jury could assess damages without proof of such injuries and their extent, without we assume that they were capable of knowingly committing an inexcusable wrong. There is nothing to show that they were influenced by any improper motive.

The defendant's ground for a new trial on account of newly discovered evidence is to the effect that a witness by the name of Mrs. John Conner would tes-

tify that she was on the front porch of her house in plain view of the car on the occasion in question, and she knew it did not stop between Park and Olive streets to let off passengers; and that it ran at a good speed and did not stop until it arrived at Olive street. This would be merely cumulative evidence, as defendant introduced at the trial many witnesses who testified substantially to the same effect. It is well established law that the discovery of cumulative evidence does not justify the granting of a new trial.

So far as we have been able to see, there is not a single controverted question of law in the case, but that the issues were entirely on matters of fact submitted to the jury on plain, every-day law. The cause is affirmed. All concur.