## THOMAS A. GILLESPIE, Respondent, v. ST. PAUL FIRE & MARINE INSURANCE COMPANY, Appellant.

**Kansas City Court of Appeals, February 17, 1913.**

1. **FIRE INSURANCE: Owner: Mortgage: Premium: Assignment** An owner of personal property gave a mortgage on it to secure a debt. He then took out a policy of insurance, with a clause that "loss was payable to the mortgagee, as his interest might appear." The policy expired and the insurance company's agent solicited the owner to renew it. He replied that he wanted it but had not the money to pay the premium, and asked the agent to see the mortgagee and get him to pay it. The agent did so and the policy, worded like the other, was delivered to the mortgagee. The property was destroyed by fire and the owner and mortgagee joined as plaintiffs in an action thereon. While the action was pending, the mortgagee was paid his claim and he then assigned all his interest to plaintiff, who filed an amended petition dropping the mortgagee as a party. It was *held* that the owner could recover the amount of the policy.

2. ———: ———: ———: **Pleading: Amendment: Practice.** In an action on a fire insurance policy with a clause "loss if any payable to mortgagee as his interest may appear," and the property is destroyed, and an action brought in joint names of the owner and mortgagee, and afterwards the mortgagee is paid his claim by the owner and assigns his interest to the owner, it is proper practice to then file an amended petition in the name of the owner alone.

3. ———: ———: ———: **Bad Faith: Attorney's fees.** When bad faith in the defense is shown, it is proper to allow the plaintiff an attorney's fee.

Appeal from Daviess Circuit Court.—*Hon. Arch B. Davis*, Judge.

AFFIRMED.

*Barclay, Fauntleroy, Cullen & Orthwein* for appellant.

*E. M. Harber* and *E. C. Orton* for respondent.

ELLISON, J.—This action is on a policy of fire insurance for one thousand dollars. Plaintiff obtained judgment in the trial court.

It appears that plaintiff was indebted to one Buren, who held his note for twelve hundred and fifty dollars and mortgage to secure it on hotel furniture owned by plaintiff. That he had a policy on such furniture issued by this defendant for $1000, loss, if any, payable to Buren, mortgagee, as his interest might appear. That policy expired, and within a few days thereafter, on the 31st day of May, 1911, defendant's agent called on plaintiff and solicited him to renew it. Plaintiff then paid the balance of premium on the old policy, which to this time had remained unpaid, and stated to the agent that he wanted the policy but did not have the money (eighteen dollars) with which to pay the premium, and for the agent to go to Buren "and he will take the policy; he can't afford to let it expire and won't."

There is very little evidence in the case. It consists of the testimony of plaintiff himself and some written reports of the agent to the company and some letters from the company to the agent. It seems that the agent went to Buren and got the premium for the new policy. Neither of them were witnesses. But certain it is, the policy was issued in plaintiff's name as the insured, "the loss if any payable to Buren, mortgagee, as his interest might appear." Buren must have paid the premium, for it was shown to have been sent to defendant in one of the reports, and the policy was delivered to him, for it is so alleged in the petition, or, what is the same thing in legal effect, the agent may have accepted his promise and advanced the premium to defendant and deposited the policy in his safe for Buren. The fire occurred several weeks after the policy was thus issued and, if not already with one of them, it was then handed over either to

168 Mo. App. 21

Buren or plaintiff and suit was brought, both Buren and plaintiff joining as plaintiffs. After bringing this action, plaintiff Gillespie paid the amount of his indebtedness to Buren in this way: There was paid to Buren net amount (nine hundred and fifty dollars) arising from another policy, and then Gillespie settled the balance with him, and he then assigned his interest in this policy to Gillespie. Thereupon the latter filed an amended petition, omitting Buren as a coplaintiff.

From the foregoing it appears that defendant issued the policy in suit to plaintiff, insuring his property in the sum of one thousand dollars, loss payable to Buren as mortgagee as his interest might appear to be, and the premium was paid by Buren. Now it is true a mortgagee has an insurable interest which he may protect by insurance to himself, in his own name. But this was not that kind of a policy. Gillespie told the agent when the latter applied to him for renewal, that he wanted the policy, but had not the premium and for the agent to go to Buren and get it. The only claim Buren had, as is shown on the face of the policy, was as mortgagee with loss payable to him as his interest might appear; which means that if he should have no interest at time of settlement, the entire loss would be paid to Gillespie as owner. Defendant has not paid anything on the policy to the mortgagee and is free of any claim by him. It seems then that it should, in justice, pay the plaintiff; otherwise it would escape alogether.

The assignment of Buren's interest to plaintiff was introduced and objected to, but defendant insists that there was no proof of the assignment. That, however, was not made a ground of the objection. The objection is in effect a concession of the assignment, the only ground of objection being that it was inadmissible in evidence because it was assigned after the action was instituted.

So it is said that the cause should have been tried on the case as it was when the action was begun, and since Gillespie was not the sole party in interest at the beginning of the action in his and Buren's name, a settlement with Buren and a transfer of his interest to Gillespie would not authorize the filing of an amended petition and the prosecution of the action in the name of Gillespie alone. It would have been a useless formality to have dismissed the case when Buren was paid and begin again in Gillespie's name alone. It was proper practice to file an amended petition dropping Buren and stating the facts. [Griswold v. Insurance Co., 70 Mo. 654, 658; see also Sec. 1924, R. S. 1909.]

An attorney's fee was allowed and it is claimed the case does not justify it under the cases of Blackwell v. Insurance Co., 80 Mo. App. 75; Rogers v. Ins. Co., 157 Mo. App. 671. In the first of these cases we said: "The insurer, so long as he acts in good faith and with reasonable ground to believe that the insured has not a legal demand may contest the claim in court as any other litigant, without fear of a penalty if it happens that his defense is not well founded. The refusal contemplated by the statute implies willfulness and a punishment is imposed."

But we have evidence in this case tending to show a want of good faith in the defense. A special agent of defendant wrote to it that it was liable, but he thought it best to make a show of contest, to force a compromise of the claim.

We have not discovered any error materially affecting the merits of the controversy. The cause was tried by the court without the aid of a jury, and no instructions were asked. Every intendment is with the judgment, and hence it is affirmed. All concur.