Heller v. Ferguson.

---

THOMAS F. HELLER, Respondent, v. N. A. FERGUSON, Appellant.

Kansas City Court of Appeals, May 24, 1915.

1. **CONTRACTS: Sales: Delivery: Reasonable Time: May be Extended by the Parties: Jury Question.** Where no time is fixed in a contract for the sale and delivery of corn to be shipped from a distant State, the time for delivery was a reasonable time after the making of the contract. But a failure to deliver in

such time may be waived or the time postponed by the parties. And the question of what is a reasonable time is for the jury to determine in the light of all the circumstances and the conduct of the parties.

2. ——: ——: ——: Breach: Jury Question. Where, from the circumstances in evidence, the course of dealing between the parties and their treatment of the question of time themselves, the time of breach of the contract cannot be definitely and conclusively fixed, the question when it was breached is one for the jury and cannot be stated as a matter of law.

3. ——: ——: ——: ——: Measure of Damages. In a suit on the breach of a contract for the sale and delivery of corn, the measure of damages is the difference between the contract price of the corn and the market value of the same at the date of the breach.

4. ——: ——: ——: ——: ——: Evidence of Value at Various Times. Where it was a question for the jury to say when the breach occurred, it was not error to introduce evidence of the market value of the corn at various times during the period the jury could consider in determining when it was breached, so that when the jury did determine the date of the breach the market value at that time could be applied in order to ascertain the damage.

5. TRIAL PRACTICE: Foundation for Impeaching Testimony: Party to Suit. Evidence of a conversation by a party to a suit, tending to contradict his claim and defense and to corroborate the other party's claim, is admissible without laying a foundation therefor by first asking the party if he had such a conversation and calling his attention to the time and place thereof.

6. ——: ——: ——. Where a foundation is necessary, it is not required to call the witness' attention to the exact spot where the conversation took place. If the place specified is so close that the witness understood the occasion referred to, that is all that is sufficient especially where he denies having ever at any time had such conversation.

Appeal from Boone Circuit Court.—*Hon. D. H. Harris,* Judge.

AFFIRMED.

*N. T. Gentry* and *Finley & Sapp* for appellant.

(1) The measure of damages for breach of a contract of sale is the difference between the contract price

and the market value at the time and place of delivery under the contract. 35 Cyc. 633; Gill v. Commission Co., 84 Mo. App. 456; Howard v. Haas, 131 Mo. App. 499; Chalice v. Witte, 81 Mo. App. 84. (2) The reason for fixing the market value is because it is supposed that the buyer could go into the market and get what the seller failed to deliver. Gill v. Commission Co., 84 Mo. App. 461. Where no time of delivery is agreed upon the law implies that the goods are to be delivered within a reasonable time. 35 Cyc. 179; Glasgow Milling Co. v. Burgher, 122 Mo. App. 19; Met. Street Ry. Co. v. Rope Co., 156 Mo. App. 640. (3) The market value at the end of a reasonable time should be taken as fixing the measure of damages. The buyer cannot wait until the market rises and then claim damages on the later market price. Gill v. Commission Co., 84 Mo. App. 461. (4) Where the facts are undisputed, what is a reasonable time is a question of law for the court. 4 Elliott on Contracts, 491, sec. 3271; Bradley v. Jones, 153 Ky. 174, 154 S. W. 1091. (5) Where the facts are disputed, the question as to what is a reasonable time is for the jury, to be determined by the circumstances in evidence, such as the character of the goods, the facilities available for transportation, the distance the goods must be carried, and the usual course of business in the particular trade. 35 Cyc. 183.

*Gillispie & Conley* for respondent.

(1) Appellant's authorities correctly announce the law, although he does not state correctly the principle they announce. The principle they announce is: The measure of damages is the difference between the contract price and the value of the same, at the date of the breach of contract. Howard v. Haas, 131 Mo. App. 499; Chalice v. Witte, 81 Mo. App. 84. (2) But the buyer may waive a failure to deliver in time. If

the delay is once waived the right to insist on deliv-
ery within the specified time cannot be reasserted. 35
Cyc., p. 184; Mastin v. Grimes, 88 Mo. 485. (3) Hence,
there is no breach until a further time is expressly
fixed by the parties themselves or results from opera-
tion of law. In this case both parties were treating
the contract as being a subsisting contract until de-
fendant demanded a fulfillment of it on May 9th. As
respondent views it, under the authorities above cited
that is the date the court should have fixed, if it fixed
any definitely, for the measure of damages. But what
was a reasonable time was a question of fact for the
jury. State v. King, 44 Mo. 238; Bryant v. Saling, 4
Mo. 522; 35 Cyc. 183; 9 Cyc. 613. (4) Parties are con-
cluded by their own instructions, whether abstractly
correct or not. Jennings v. Railroad, 99 Mo. 394; Hop-
kins v. Modern Woodmen, 94 Mo. App. 409, and cases
cited. (5) Parties are bound by the theory on which
they tried the case. Riggs v. Railroad, 216 Mo. 304,
318; Wallower v. Webb City, 171 Mo. App. 214; Popi-
neau v. Buick Co., 168 Mo. App. 547; Ogler v. Sidwell,
167 Mo. App. 292.

TRIMBLE, J.—The suit herein is over the breach
of an oral contract for the sale and delivery of corn.
Respondent alleged that on or about February 1, 1914,
appellant contracted to sell and deliver to him four
carloads of ear corn at sixty-seven and one-half cents
per bushel to be paid on delivery; that 800 bushels was
a reasonable carload; that on or about March 25, 1914,
appellant, in part performance of said contract, de-
livered one carload, which respondent received and
paid for; that appellant failed and refused to deliver
the other three carloads although a reasonable time has
long since expired; that respondent made a demand of
appellant to complete his delivery of said corn on or
before May 9, 1914, which latter date was a reasonable

Heller v. Ferguson.

time for the completion of the delivery of said corn, but that completion of delivery was refused.

Appellant claimed that the four carloads were not ordered under one contract but were made at different times and occasions, and set up the Statute of Frauds concerning the sale of goods of more than $30 in value; also that he sold the corn as agent of his brother whose ownership of the corn and principalship he disclosed to respondent. These were denied in the reply.

The questions whether there was or was not an agreement in one contract to sell and deliver four carloads, and whether the one car that was delivered was in part performance of that contract, were submitted in instructions as was also the question of whether appellant acted as agent of a disclosed principal. The jury returned a verdict assessing damages at $90 upon which judgment was rendered.

The judgment should be affirmed. There is no dispute over the law involved. The issues were plain and simple, easy to be understood, and the facts were few and free from intricacy. They involved matters which the triers could readily determine, and their solution ought to be accepted unless there was error in the admission of evidence, or in the submission of the case, of such a nature as to clearly and undoubtedly mislead them. We do not think there was any such error in the case.

It is the contention of appellant that, as thirty days was a reasonable time for delivery according to the evidence, the contract was breached about March 1st, and therefore it was error to admit evidence as to the value of corn so late as May 9th, the date which respondent had set as the limit for delivery. There was evidence that the market price of corn gradually rose after March 1st and was much higher May 9th. Appellant says, in order to get the true measure of damages, only the value of corn around the first part of March should have been considered and not its value

at a later date. There is no doubt but that the difference between the contract price of the commodity and the market value of the same at the date of the breach is the true measure of damages. [Howard v. Haas, 131 Mo. App. 499; Chalice v. Witte, 81 Mo. 84; Gill v. Johnson, etc., Com. Co., 84 Mo. App. 456.] And if the time of the breach is definitely fixed, then, of course, only the market value of the commodity at that time should be considered. But in this case, there was no time fixed in the contract for the delivery of the corn. And while the time for delivery was, therefore, a reasonable time after the making of the contract, yet, even if a specific time had been fixed, a failure to deliver in time may be waived or the time postponed. [35 Cyc. 184; Mastin v. Grimes, 88 Mo. 478.] This is exactly what the parties to this contract did. The evidence fully shows that both vendor and vendee were treating the contract as a subsisting obligation long after the expiration of thirty days after the contract was entered into. Finally, the buyer notified the seller that he could wait no longer than the 9th of May for delivery to be made, and, it would seem that, if any date should be definitely fixed for the breach, it would be this time. But whether this be true or not, certainly the question of what was a reasonable time, under all the circumstances, was for the jury. It is determined by the circumstances of the case. [State ex rel. v. King, 44 Mo. 238; 35 Cyc. 183.] And it rests "largely on the conduct of the contracting parties." [Mastin v. Grimes, 88 Mo. 478.] It is that time "it is rational to suppose that the parties contemplated." [Moxley's Admrs. v. Moxley, 59 Ky. 309.] Under the circumstances in evidence and the course of dealing between the parties and their treatment of the question of time themselves, the question of what was a reasonable time in which to perform the contract, so as to show definitely when it was breached, could not be stated as a matter of law. Although plaintiff testified that ordi-

narily thirty days was a reasonable time in which to deliver corn shipped from Iowa as this was, still there was ample evidence in the case from which the jury could say that May 9th was a reasonable time, considering the difficulties in obtaining shipments, the purposes for which the corn was to be used and the way the parties dealt with each other. The delivery of the first car of corn pursuant to the contract was much longer than thirty days after the making of the contract. That neither party thought thirty days was a reasonable time nor that the contract was to be performed within that time, as a matter of law, is shown by the fact that both submitted to the jury the question of what was a reasonable time. It being a question of fact as to what was a reasonable time and when the contract was to be performed, and there being evidence tending to show that the contract was possibly not breached until May 9th, it was not error to submit evidence of the value of the corn at various times throughout the period the jury could consider, so that when the jury did determine what the reasonable time was and when the breach occurred, they would have the evidence of the market value at that particular time so as to determine the correct amount of damage. The verdict of the jury, being for only $90, shows they did not measure the damages at the price to which it had increased on May 9th, but ascertained the damages according to an increase of not quite four cents per bushel, and there was evidence to justify this rate even as far back as March.

Respondent's instruction number 1 was not misleading. It did not undertake to specify the date from which the reasonable time should be computed, and it could not have been understood by the jury as doing so. Appellant's instruction number 4 so plainly told the jury they must compute the reasonable time from the date of the contract that the jury could not have been misled by respondent's instruction number 1 even

if it were open to the construction which appellant seeks to place upon it.

Neither is said instruction number 1 erroneous because it fails to refer to the defenses interposed by appellant. The instruction was framed upon respondent's theory of the evidence, namely, that the contract was with appellant himself and was for four carloads of corn, a part of which contract had been fulfilled by the delivery of one car. And appellant's instructions 2 and 3 clearly and forcibly submitted his defenses as to the Statute of Frauds and whether respondent was dealing with appellant as owner or agent.

Respondent's instruction number 2 was not erroneous nor misleading. It merely submitted the question of whether respondent knew appellant was selling the corn for his brother, and that unless he did know it, appellant could not escape liability on the ground that he was selling as agent for his brother and not as principal. Appellant had said he told respondent he was selling it for his brother and that was all that the evidence, on appellant's part, showed respondent had been told. Besides, appellant's instruction number 3 told the jury that if defendant disclosed his agency to plaintiff, their verdict must be for defendant.

Other objections are made to the instructions but we see no objection to them. Respondent's instruction number 4 is not open to the charge brought against it.

No error can be predicated upon the admission of the conversation of defendant, as testified to by the witness Wright, tending to show that the contract was one contract for four carloads of corn as respondent claimed and not four different contracts for each car as appellant contended. The ground of objection was that no proper foundation was laid, in that defendant was asked concerning a conversation had with Heller in the presence of Pleas Wright "down here on the street near Morris' restaurant" and that when Wright testified to the conversation he said it was on the street

"not exactly at Morris' restaurant," but in front of Nowell's grocery. It appears, however, that these places were close together and that defendant testified that he never had any such conversation at any time because no such talk was necessary. He was, therefore, clearly advised of the place so that he understood the occasion referred to, and that is all that is required. [Spohn v. Mo. Pac. Ry., 122 Mo. 1, l. c. 19.] Besides, the conversation asked for was that of the defendant, a party to the suit, and bore upon one of the vital elements of plaintiff's case. It was admissible without any foundation.

There was substantial evidence to support the verdict. It cannot be urged now that there was not, because no demurrer was asked and both sides joined in submitting the issues to the jury. This was an admission that there was sufficient evidence to take the case to the jury. [Kenefeck-Hammon Co. v. Norwich, etc., Ins. Society, 205 Mo. 294, l. c. 312; Hanson v. Boyd, 161 U. S. 397, l. c. 402; Hartford Ins. Co. v. Unsell, 144 U. S. 439, l. c. 451.]

There is no reversible error in the case, and, as said before, it should be affirmed. It is so ordered. All concur.