# TILLIE FRIEDMAN, Appellant, v. UNITED RAILWAYS COMPANY.

### Division Two, March 18, 1922.

1. **CONTRIBUTORY NEGLIGENCE: Jury Question.** In a suit for damages for personal injuries received by plaintiff by reason of a collision between a street car and the automobile driven by her husband and in which she was riding, where there was substantial evidence of plaintiff's contributory negligence, and she submitted the question of her own negligence in the instructions asked by her, the existence of such negligence was a question for the jury and the jury having found for the defendant, its verdict will not be disturbed by the Supreme Court, particularly in view of the fact that the trial court overruled her motion for a new trial based in part on the alleged insufficiency of the evidence.

2. **EVIDENCE: Admissions Against Interest.** In a suit by a married woman against a street railway company for damages for personal injuries suffered by her by reason of a collision between a street car and an automobile driven by her husband in which she was riding, it was not error for the trial court to admit in behalf of defendant evidence that plaintiff said immediately after the accident and while she was not unconscious but hysterical, "Oh, daddy, you have killed me," and that her husband replied, "It was your fault, sweetheart, you grabbed the wheel," whereupon she said, "I know it was, I don't blame you, sweetheart," as such statements were in the nature of admissions against interest, and it was defendant's duty to show the whole conversation including the statements of plaintiff's husband.

3. ———: **Other Occasions.** The trial court properly excluded testimony as to whether or not the driver of an automobile, in which plaintiff was riding when she was injured by collision with a street car, had had previous accidents, as such testimony would open the door to perplexing side issues.

4. **TRIAL: Practice: Motion for New Trial: Errors not Complained of.** That the trial court erred in refusing a requested instruction cannot be considered by the Supreme Court on appeal, where no complaint thereof was made in the motion for a new trial.

5. ———: ———: **Argument to Jury: Opening and Closing: Time.** The time to be allowed for argument of a case to the jury, and

also whether the plaintiff is to be allowed to make a closing argument after having made an opening argument and after argument had been waived by defendant, are matters within the sound judicial discretion of the trial court; and it is *held* that such discretion was not abused in this case.

6. ———: ———: Improper conduct of Court: No Exceptions Saved. A complaint that the trial court exhibited impatience during the trial which was prejudicial to plaintiff's case, in the minds of the jury, cannot be reviewed on appeal, where no exceptions were saved to such alleged improper conduct. [McCarty v. Transit Co., 192 Mo. 396, distinguished.]

7. ———: ———: ———: Husband as Witness. It is not a legitimate basis of complaint on the part of plaintiff, in a personal injury suit, that when she offered her husband as a witness in her behalf the trial court reluctantly offered to admit his testimony but admonished counsel that he was taking a chance, whereupon counsel withdrew the husband as a witness, particularly as counsel did not object or except at the time.

Appeal from St. Louis City Circuit Court.—*Hon. Granville Hogan*, Judge.

AFFIRMED.

*Karl M. Vetsburg* for appellant.

(1) The uncontradicted evidence in this case shows that defendant's street car was going from twenty-five to thirty miles an hour, in violation of the ordinance introduced; and as there is no evidence of contributory negligence on the part of plaintiff, the verdict of the jury is against the law, the evidence and the weight of the evidence. Etlinger v. Kahn, 134 Mo. 492; Schooling v. Railway, 75 Mo. 518; Douglas v. Orr, 58 Mo. 575; State v. Scott, 214 Mo. 261; Doering v. Saum, 56 Mo. 479. (2) The negligence, if any, of plaintiff's husband, cannot be imputed to plaintiff. Sluder v. Transit Co., 189 Mo. 107; Newson v. Harvey, 202 S. W. 249; Johnson v. Traction Co., 176 Mo. App. 174; Zalotuchin v. Railway, 127 Mo. App. 577; Burleigh v. Transit Co., 124 Mo. App. 724; Montague v. Mo. Railway, 193 S. W. 935; Burton v.

Pryor, 198 S. W. 1117. (3) The plaintiff was only obligated to use ordinary care to see that the driver was not negligent in driving the automobile. Ebert v. Street Ry., 174 Mo. App. 45; Stotler v. Railroad, 200 Mo. 107; Fechley v. Traction Co., 119 Mo. App. 358; Ziegler v. United Rys., 220 S. W. 1018. (4) After plaintiff's husband started northeastwardly toward the car track, the street car not then being in sight, plaintiff was not required to continue looking for street cars until she had reached the track. Ziegler v. United Rys., 220 S. W. 1018; Moloney v. United Rys., 183 Mo. App. 298; Ellis v. Ry. Co., 234 Mo. 657. (5) After plaintiff's husband started toward the car track, plaintiff was under no obligation to do anything for her own safety, as the time was too short to permit her to do anything. Rappaport v. Roberts, 203 S. W. 676; Ziegler v. United Rys., 220 S. W. 1018. (6) Even though Woody's testimony as to the alleged conversation *en route* to the hospital was admissible and to be believed, it is no evidence of contributory negligence of plaintiff. Stotler v. Railroad, 200 Mo. 147; Eversole v. Railroad, 249 Mo. 523. (7) It was error to permit the witness Woody to testify to the alleged conversation between the plaintiff and her husband in Woody's automobile on the way to the hospital immediately following plaintiff's injuries. All the testimony, including Woody's, was that the plaintiff was then in a delirious, highly hysterical, abnormal and wild condition, and presumptively not in a state of mind to comprehend the effect of statements she or her husband may have made. The jury may not have placed any value on her statements, but did give credence to her husband's statements, he not being badly injured. The legal effect of Woody's testimony was to get the alleged admissions or statements of plaintiff's husband before the jury and give evidence of an incompetent witness. The theory on which this evidence was offered was that of admissions against interest—a theory not tenable with reference to an admission of a mentally incapable and irresponsible person. R. S. 1919, sec. 5415; Hoffman

v. Hoffman, 126 Mo. 486; State v. Burlingame, 146 Mo. 225; Greenleaf, Ev. (15 Ed.) sec. 185; 22 C. J. p. 451, sec. 541; Gowen v. Bush, 76 Fed. 349; People v. Koerner, 154 N. Y. 374; Schilling v. Ry. Co., 77 N. Y. App. Div. 74; 22 C. J. page 325, sec. 362-C. (8) Plaintiff had the right to prove how her husband was driving earlier in the evening as that had a bearing upon the question whether she should have been aware of danger at the time of the accident and whether she had knowledge that the driver was remiss in his duty. Stotler v. Railroad, 200 Mo. 144; Fechley v. Traction Co., 119 Mo. App. 358. (9) Instruction "C," offered by plaintiff and refused by the court correctly states the law and should have been given. Burleigh v. Transit Co., 124 Mo. App. 730. (10) Plaintiff's attorneys had the right to consume the entire time allotted to them by the court for argument to the jury, and defendant's waiver of its argument did not change plaintiff's right. The court fixed the time at twenty minutes a side. This time was too short for argument of a case occupying two days and covering ninety-eight pages of printed record. The objection, however, is not the original allowance of time, but is to the court's refusal to permit plaintiff's counsel to use the time allowed. State v. Stewart, 9 Nev. 120; Reagan v. Transit Co., 180 Mo. 143; Stoecker v. Cooper, 220 S. W. 973. (11) The trial court erred during the trial in orally and erroneously declaring the law with regard to care required to be used by plaintiff. State v. Nelson, 181 Mo. 340; State v. Teeter, 239 Mo. 483. (12) The trial court erred in exhibiting impatience and bias so as to affect the jury in its verdict. State v. Teeter, 239 Mo. 483; McCarty v. Transit Co., 192 Mo. 396.

*Charles W. Bates, T. E. Francis* and *Albert D. Nortoni* for respondent.

(1) Even though plaintiff's husband was driving the automobile, her own contributory negligence was such as to preclude her right of recovery as a matter of law. Leapard v. Rys. Co., 214 S. W. 268; Fetchley v.

Traction Co., 119 Mo. App. 367; Burton v. Pryor, 198 S. W. 1117. (2) Railroad tracks are in and of themselves ever present signs and signals of danger, and persons in conveyances, whether driver or guest, must approach them with due care. Evans v. Ry. Co., 233 S. W. 399; Fetchley v. Traction Co., 119 Mo. App. 367; Burton v. Pryor, 198 S. W. 1117; Alexander v. Railroad, 233 S. W. 44; Morrow v. Hines, 233 S. W. 495; Dyrcz v. Railroad, 238 Mo. 47. (3) When to look is to see and to listen is to hear one may not make a question for the jury as to that matter by saying that he looked and listened and did not see or hear, because such is contrary to physical facts and common experience. Alexander v. Railway, 233 S. W. 50; Dyrcz v. Railway, 238 Mo. 47; Hook v. Railway, 162 Mo. 569; Evans v. Railroad, 233 S. W. 399. Courts take judicial notice of matters of common knowledge without regard to what witnesses may say concerning them. Home Tel. Co. v. Sarcoxie Tel. Co., 236 Mo. 127. (4) Even the evidence on the part of the plaintiff shows that the automobile, when headed north, ran into the forward end of the south-bound street car at the southwest corner of the street car, and such being true, there is no liability, for the speed of the street car was not the proximate cause. The automobile having thus run into the street car head-on, the negligence of the auto driver and not excessive speed constituted the proximate cause. McCreery v. United Rys., 221 Mo. 29, 31; King v. Wabash Railroad, 211 Mo. 1; Frank v. Free, 190 Mo. App. 83. (5) Plaintiff having voluntarily requested the court, by her instructions to submit her contributory negligence to the jury for a finding thereon, she is estopped to now argue that there is no evidence of contributory negligence on her part. Oferman v. Rys. Co., 125 Mo. 415; Walker v. Railroad, 193 Mo. 453; Keele v. Railway, 258 Mo. 75; Kenefick v. Fire Ins. Co., 205 Mo. 306; Mt. Vernon Mfg. Co. v. Mill Co., 227 S. W. 67. (6) The conversation between plaintiff and her husband, immediately after the accident, detailed by Woodey is of the *res gestae*. State v. Lockett,

168 Mo. 487; State v. Martin, 124 Mo. 529; Shore v. Dunham, 178 S. W. 903; State v. Castor, 93 Mo. 251, 252; Jewell v. Mfg. Co., 166 Mo. App. 560. (a) And in case of an accident similar to this one, although some considerable time elapsed before the statements are made, if they appear to be spontaneous and not concocted and spring from the transaction as by being made to her physician while preparing to treat her or on the way to the hospital for treatment such declarations and conversation are competent as of the *res gestate.* Harriman v. Stowe, 57 Mo. 93; Brownell v. Railroad, 47 Mo. 239; Entwhistle v. Feighner, 60 Mo. 214; Ins. Co. v. Mosley, 8 Wall. (U. S.) 407; Greenlee v. Casualty Co., 192 Mo. App. 308; Comm. v. Pike, 3 Cush. (Mass.) 181; Railroad v. Coyle, 55 Pa. St. 402; Cattison v. Cattison, 22 Pa. St. 275. (b) The conversation between plaintiff and her husband in the automobile while *en route* to the hospital, immediately after the accident, was not incompetent because it was essential to elicit what the husband said in order to reveal the meaning of plaintiff's statement, "I know it was; I don't blame you, sweetheart," and such conversation is in no sense a confidential communication. Greenlee v. Casualty Co., 192 Mo. App. 309; New York Life Ins. Co. v. Mason, 272 Fed. 32; Parkhurt v. Bardell, 110 N. Y. 386; Ins. Co. v. Morley, 8 Wall. 397. (c) Where such statements are spontaneously made as in this case, either shortly before or shortly after the accident, and are clearly connected with it and tend to elucidate it, when the party had neither opportunity nor cause to concoct a story, they are properly received in evidence. Hodges v. Hill, 175 Mo. App. 455; Parr v. Ins. Co., 178 Mo. App. 155. (d) Even statements of a third party are competent of the *res gestae.* State v. Kaiser, 124 Mo. 651; State v. Walker, 78 Mo. 380. (7) Evidence tending to show that one was either negligent or careful in respect to his acts concerning a similar matter is not admissible, because to receive it would detract from the main issue in the case and mislead by diverting the juror's mind to mere col-

lateral issues. Goble v. Kansas City, 148 Mo. 470. (8) No matter of exception is reviewable on appeal unless an exception is saved thereto at the trial. Sec. 1512, R. S. 1909; In re Aiken, 262 Mo. 403; Hubbard v. Slavens, 218 Mo. 598; Frieland v. Williamson, 220 Mo. 217. (a) And even though an exception be duly saved, it may not be considered on appeal unless it is also brought to the attention of the trial court and thus marshaled for review in the motion for a new trial. Hammon v. Coal Co., 156 Mo. 232; Green v. Walker, 99 Mo. 68; Pencot v. Ry. Co., 176 Mo. App. 225. (b) Objections to remarks or comments of the court during the trial must be excepted to and brought to the attention of the court in the motion for a new trial, or they are waived. McClintock v. Bank, 120 Mo. 127; Joplin v. Joplin, 177 Mo. 532; Ashby v. Road Co., 111 Mo. App. 79.

REEVES, C.—Plaintiff sued for fifteen thousand dollars damages. Upon a trial the jury returned a verdict for defendant, and she appeals. The basis of the action is a collision, occurring about eight o'clock, p. m. on the 4th day of September, 1918, at Kingshighway and Wise Avenue in the city of St. Louis, between a street car of respondent, and an automobile owned and driven by appellant's husband and in which she was riding. The negligence charged was the violation of the Vigilant Watch Ordinance and the Speed Ordinance of the city of St. Louis. Sundry injuries were alleged. The answer of respondent ascribed appellant's injury, if any, to her own carelessness and negligence, and was tantamount to a general denial.

For appellant, the testimony showed that she and her husband had been driving through Forest Park in her husband's Ford coupe and had entered Kingshighway, a north-and-south street, driving toward the south; that as they approached Wise Avenue, a street running east and west, they turned in toward the sidewalk on the west side of Kingshighway preparatory to turning back to the north. At this point Kingshighway is about sixty-

five feet wide. Respondent's street car tracks are laid thereon in such way that there is a space of forty feet between the west curb of Kingshighway and the west rail of said track, so that vehicular traffic goes both north and south on Kingshighway on the west side of the street-car tracks, the east side of said tracks being used also for north-bound traffic.

Appellant's husband had made the turn and his automobile was running in a northeasterly direction at the time of the collision. The street car was coming from the north. Appellant said: "We came down Kingshighway, my husband stopped and then turned. While he was turning eastwardly and northwardly, he was not driving very fast. He was looking. I was looking also. . . . I remember when my husband had just about turned he had this terrible collision. . . . We were going northeast at the time and he was starting to cross the street car tracks to get on the east side of the street. I did not see the street car coming down there before the accident, only saw it momentarily just as we were struck."

On cross-examination she said: "When I was five feet of the track I looked north and could see a block up the street-car tracks, and didn't see a street car until the moment of the collision. I was looking for one all the time. I never tell my husband, he always stops. I placed myself entirely in his hands and was depending upon him to avoid a street car. But I always look around. I looked also. I depended more upon my husband to discover the street car than I did upon myself."

Appellant's testimony further showed that the street car was being operated in violation of the Speed Ordinance and that she suffered rather severe injuries.

Respondent's testimony tended to show that after appellant's husband had turned his automobile toward the north, while the street car was passing, he suddenly turned to the right, bringing it in collision with the street car, and otherwise there was substantial testimony on

the part of respondent contradicting that adduced by appellant.

The court gave seven instructions requested by appellant. Respondent offered no instructions and made no requests. The court refused to give appellant's requested instruction numbered C. Appellant's instruction covered the allegations of the petition, and submitted the question of appellant's own negilgence as a contributing factor to her injuries.

She complains that the verdict of the jury was against the law and evidence and that the trial court committed manifold errors during the trial, all of which, with additional pertinent facts, will be discussed in the course of the opinion.

I. There was substantial testimony tending to show appellant's negligence. She said her husband was driving slowly and that when within five feet of Contributory the track she looked toward the north where Negligence. she could see a block up the street-car tracks, but saw no street car and that immediately the collision occurred.

Her witnesses said that the street car was running from twenty to twenty-five miles per hour. There was no reason why the approaching street car could not have been seen by appellant, as well as by her husband, as she said they were both looking for a street car. It was her duty thus to look (Burton v. Pryor, 198 S. W. (Mo. App.) 1117, Leapard v. Rys. Co., 214 S. W. (Mo. App.) 268, and cases cited), and failure to perform this duty, or to perform it badly, was negligence. The automobile being only five feet from the car track, moving in a northeasterly direction for the purpose of crossing over, and the view being unobstructed, the street car was clearly visible to appellant while it covered the intervening distance of a block before the collision. Whether such testimony was unreasonable or not (Alexander v. Railway, 233 S. W. 44; Evans v. Railroad, 233 S. W. 397) appellant treated it as raising a question of fact for

the jury, as she submitted in practically all of her seven instructions the question of her own negligence.

The rule is well established that where there is substantial testimony on both sides of a debatable question, it is for the jury and the trial court, and not for the Supreme Court, to weigh such evidence. [Thomasson v. Hunt, 185 S. W. (Mo.) 165; Daniel v. Pryor, 227 S. W. (Mo.) 102; Moore v. Railroad, 268 Mo. 31, 186 S. W. 1035; Haines v. Railroad, 193 Mo. App. 453, 185 S. W. 1187; DeWolff v. Morino, 187 S. W. (Mo. App.) 630; Robertson v. Kochtitzky, 217 S. W. (Mo. App.) 543.]

Moreover, respondent's witness, Woody, said that as the automobile completed its turn and was on the moment of passing to the left of the approaching street car, it suddenly turned to the right and ran into the street car, thus raising the question as to whether or not the negligence of appellant's husband was the proximate cause of the collision and consequent injuries to her.

A verdict supported by evidence will not be disturbed by this court (State ex rel. National Bank v. Sturgis, 276 Mo. 559; Ellis v. Railroad, 234 Mo. 657), and particularly is this true where the trial court has overruled a motion for a new trial, based in part upon the alleged insufficiency of the evidence. [Alexander v. Railroad, 282 Mo. 236, 221 S. W. 712.] In actions at law, it has even been held by this court that the weight of undisputed parol evidence is for the triers of fact and their findings are conclusive. [Union Trust Co. v. Hill, 283 Mo. 278, 223 S. W. 434.]

II.  Immediately after the accident, appellant was taken to the hospital in the automobile of witness Woody. Appellant was not unconscious, but hysterical, and in her excitement she said "Oh, daddy, you have killed me," to which her husband replied, "It was your fault, sweetheart, you grabbed the wheel." Whereupon, appellant said, "I know it was, I don't blame you, sweetheart." Appellant strenuously objected to this testimony, upon the twofold grounds that appellant was irresponsible, and her husband being

Admissions.

incompetent as a witness, the statements made by him were incompetent, These statements were in the nature of admissions against interest and were competent (22 C. J. 231, 297; Linderman v. Carmin, 255 Mo. 62, 164 S. W. 614, 142 Mo. App. 519, 127 S. W. 124; Chambers v. Chambers, 227 Mo. 262, l. c. 285, 127 S. W. 86; Tuite v. Woodmen Circle, 193 Mo. App. 619, 187 S. W. 137; Wilson v. Albert, 89 Mo. 537; Forrister v. Sullivan, 231 Mo. 345, 132 S. W. 722; Sparr v. Wellman, 11 Mo. 230; Heller v. Ferguson, 189 Mo. App. 484, 176 S. W. 1126; Gillespie v. Insurance Co., 168 Mo. App. 320, 153 S. W. 1079); and it was the duty of respondent to show the whole conversation, including the statements of appellant's husband. [22 C. J. 411; Kritzer v. Smith, 21 Mo. 296.] Whether this waived the incompetency of appellant's husband as a witness we need not decide, as appellant's counsel withdrew him as a witness after the court had ruled in favor of his competency, and the hysterical state of mind of appellant would only bear on the weight credibility of such statements.

III. The complaint that the court excluded competent testimony offered by appellant is untenable. Appellant attempted to show that her husband was a careful driver, had never had a previous accident, and had been driving carefully on the day of the collision. The court was most liberal in her favor, as he permitted appellant to testify, over the objection of respondent, that her husband was a fair driver and that he was driving slowly immediately before the accident (referring to the drive through the park). The court properly excluded any testimony as to whether or not he had had previous accidents, as such testimony would open the door to perplexing side issues. [22 C. J. 746; Funsch v. Stevenson, 223 S. W. (Mo.) 593; Black v. Railway, 162 Mo. App. 90, 144 S. W. 131; Hipsley v. Railway, 88 Mo. 348; Horr v. Railway, 156 Mo. App. 651, 137 S. W. 1010.]

*Other Occasions.*

Respondent objected to such testimony, on the ground that it was immaterial, as it had no bearing upon

the question of appellant's care or lack of care in this case. Appellant cites no authorities. Respondent urges upon our attention Goble v. Kansas City, 148 Mo. 470, wherein this court ruled that it was improper to admit testimony of other accidents in the suit against the city, involving a defect in the sidewalk. That case was expressly overruled in the case of Hebenheimer v. St. Louis, 269 Mo. 92, 189 S. W. 1180, where it was held that evidence of other accidents arising from a defect in a sidewalk was admissible. However, these cases have no application here. Plaintiff testified that at the time of the accident, she was looking for the approach of a street car and was therefore vigilant for her own pro-. tection.

IV. We are precluded from a consideration of appellant's assignment of error to the court's refusal to give her instruction numbered C. She did not so complain in her motion for a new trial, so that question is not before us for review. [Crecelius v. Railroad, 274 Mo. 671, 205 S. W. 181; Reddy v. Ins. Co., 221 S. W. (Mo. App.) 397; Viles v. Viles, 190 S. W. (Mo. App.) 41.]

*Motion for New Trial.*

V. At the conclusion of the evidence, and after the jury were instructed, appellant's counsel asked for twenty minutes on each side for argument. Respondent's counsel proposed to submit the case without argument. Appellant's counsel requested ten minutes for his opening argument and ten minutes for closing. Twelve minutes were used by him in the opening, and at the close thereof counsel for respondent declined to make any argument, whereupon appellant's counsel demanded the right to make a closing argument, and this was denied him. Complaint is made here that the trial court abused its discretion in thus closing the argument. We cannot so say. The issues in the case were not complex or involved. Appellant's counsel had twelve minutes, wherein to present his inferences from the facts and apply the law. Respondent

*Argument to Jury.*

had requested no instructions. Appellant's instructions only were given to the jury (barring the court's formal instructions). This made the issues most simple. Moreover, the purpose of a concluding argument is to answer the argument by counsel who holds the negative in a given case, and if, perchance, defendant's counsel declines to argue and waives argument, plaintiff for the affirmative has nothing to answer. Within the sound judicial discretion of the court, permission for a concluding argument under such circumstances may be refused. [38 Cyc. 1474.] And likewise the court may limit the time of arguments. [Reagan v. Transit Co., 180 Mo. 117.]

VI. Appellant complains against the conduct of the trial court in exhibiting impatience, as she alleges, which she says was prejudicial to her case, in the minds of the jury. No exceptions were saved to the alleged improper conduct of the court, and in consequence there is nothing before us for review. [Section 1512, R. S. 1919; Baade v. Cramer, 213 S. W. (Mo.) 121; Gardner v. Railway, 167 Mo. App. 605, 152 S. W. 98.] The case of McCarty v. Transit Co., 192 Mo. 396, urged by appellant, has no application to the facts here, and neither did the decision in that case seek to overturn an express statutory requirement, but simply enumerated those things that would pass before the trial judge, warranting action by him, and which facts were of such nature as to be incapable of preservation for our review. That case was nothing more or less than an assignment of reasons for sustaining the judicial discretion of the trial judge. Under this paragraph it may be noted that appellant complains that whereas the court did not exclude her husband as a witness, he offered to admit his testimony under such circumstances as to prejudice her case. The record shows that the court reluctantly offered to admit the testimony of plaintiff's husband but admonished counsel that he was taking a chance, whereupon counsel withdrew appellant's hus-

**No Exceptions.**

band as a witness. Appellant insisted that her husband's disability had been waived and the court yielded to the importunity of her counsel. His friendly act in admmonishing her counsel does not form the basis of a legitimate complaint, and particularly as he did not object or except at the time.

VII.   Finally, appellant complains that the court erred in declaring the law of the case during the trial. This contention must be ruled against her.   During the trial her counsel, in offering certain tes-
Declaring Law
During Trial.
timony, expressed his opinion in an argument to the court, as to what he believed the law was, as follows:  "That, unless a passenger on a car has reason to believe that the driver is negligent in driving the car, then there is no duty on that passenger to do anything with regard to the guidance of that car or its control."

To which the court replied, "I don't believe that is the law."

The court was not only correct in his opinion, but his ruling necessarily followed as a sequence to the argument of appellant's counsel.

We find no error in this record, and we accordingly affirm the judgment. It is so ordered. *Railey, C.,* concurs; *White, C.,* not sitting.

PER CURIAM:—The foregoing opinion by REEVES, C., is adopted as the opinion of the court. All of the judges concur.